# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TOREY C. SMITH**                                                                                   **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:19CV406-HTW-LRA**

**CLINTON POLICE DEPARTMENT,**
**MADISON COUNTY SHERIFF'S**
**DEPARTMENT, WARREN COUNTY**
**JAIL and HINDS COUNTY SHERIFF**                              **DEFENDANTS**

## ORDER

Plaintiff Torey Smith has brought this action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated during his arrest and incarceration in each of the facilities named as a Defendant. Defendant Warren County Jail has filed a Motion to Dismiss [Doc. #9] on several grounds, claiming that Smith has failed to exhaust the available remedies under the Mississippi Torts Claims Act ("MTCA"), Miss. Code Ann § 11-46-1 through -23 (1972 & Supp. 2016). Warren County Jail also contends that the case should be dismissed for lack of personal jurisdiction and due to insufficiency of service of process, as the Warren County Jail is not a separate governmental entity that can be sued. Smith has responded to the Motion by filing three Motions of his own: Requesting Summons Be Issued [Doc. #11]; Motion to Add Defendants [12]; and Motion to Add to Claims Statement [Doc. #13].

Section 1983 provides, in pertinent part, "[e]very person who, under color of [state law], subjects . . . any citizen . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42

U.S.C. § 1983. Plaintiff is advised that the Clinton Police Department, the Madison County Sheriff's Department, and the Warren County Jail are not separate legal entities that may be sued under § 1983. Smith's Complaint also names, in its caption, the Hinds County Jail as a Defendant, while, in the list of parties, he names the Hinds County Sheriff. The Hinds County Jail is, likewise, not a proper party. However, a county may be held liable in certain circumstances.

Smith has asked to add Warren County, Sheriff Martin Pace, and Linda Anderson, the Jail Administrator. Smith has indicated, in his Motion to Add to Claims Statement, the reasons for believing that these three additional people or entities is responsible for the injuries alleged. Finally, Smith asks that summonses be issued for the three new Defendants. The Court will construe these motions as seeking to amend his Complaint.

When a pro se litigant responds to a motion to dismiss with a request to amend the complaint, that request should ordinarily be granted. *Rankin v. Pearson*, 612 F. App'x 204, 207 (5th Cir. 2015); *see also Parker v. Fort Worth Police Dept.*, 980 F.2d 1023, 1026 (5th Cir. 1993) (concluding that district judge abused his discretion by dismissing pro se plaintiff's complaint for failure to name a proper party, without giving him leave to amend). Furthermore, Fed.R. Civ. P. 15(a)(1)(B) allows a plaintiff to amend as a matter of course if the request is made within 21 days after service of a motion to dismiss under 12(b). Here, Warren County Jail filed its Motion to Dismiss based on Rule 12(b) on October 17, 2019, and Smith filed his Motions on October 22, so he does not need leave of court to amend. The Court will, therefore, grant Smith's Motions and permit him to file an amended

complaint. In his amended complaint, Smith will be given the opportunity to name the proper parties as defendants in this lawsuit and state the nature of his claims against them. After the amended complaint is filed, process may issue and be served on all of the defendants named therein.

**IT IS, THEREFORE, ORDERED** that Torey Smith's Request that Summons be Issued [Doc. #11], his Motion to Add Defendants [Doc. #12], and his Motion to Add to Claims Statement [Doc. #13] are hereby **granted**. Smith shall file an Amended Complaint on or before November 22, 2019.

**IT IS FURTHER ORDERED** that:

1. Smith shall cause process to be issued and shall have the Amended Complaint served on all of the Defendants on or before December 13, 2019.

2. Failure to serve process or respond to this Order on or before December 13, 2019, may result in the dismissal of his claims without further notice.

3. Smith may request blank summons forms from the Clerk of the Court and complete them with the full name and street address for each Defendant. After he has completed them, he may request that the Clerk issue the summonses.

4. The Clerk of the Court shall issue the summonses to the Defendants at the addresses given by the Plaintiff, and, if requested by the Plaintiff to do so, thereafter deliver the summonses and copies of the Complaint to the United States Marshals Service.

This the 6th day of November, 2019.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE