# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TOREY V. SMITH**                                                                                          **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 3:19-CV-406-HTW-LRA**

**CLINTON POLICE DEPARTMENT,**
**MADISON COUNTY SHERIFF,**
**WARREN COUNTY JAIL, AND HINDS**
**COUNTY SHERIFF**                                                                                   **DEFENDANTS**

---

## ORDER

---

THIS COURT, on July 7, 2020, entered an Order [Docket no. 30] dismissing Defendants Warren County Jail, Clinton Police Department, and Madison County Sheriff's Department from this lawsuit. [Docket no. 30]. The Court, in dismissing these Defendants, explained that Defendants are not proper parties to the Plaintiff's Complaint, as they are not political entities subject to a lawsuit under applicable Mississippi law.

This Court now *sua sponte* applies the same analyses to the remaining Defendant, Hinds County Sheriff. The Hinds County Sheriff's Department is not a separate political subdivision amenable to this lawsuit[1]. The proper party defendant is the county in which the jail and Sheriff's Department operate. See *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006). Plaintiff's claims against Defendant Hinds County Sheriff's Department, therefore, must be dismissed as a matter of law.

---

[1] A political subdivision is defined as: "[A]ny body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to, any county, municipality, school district, community hospital as defined in Section 41-13-10, Mississippi Code of 1972, airport authority or other instrumentality thereof, whether or not such a body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name." Miss. Code. Ann § 11-46-1(i).

This Court notes that Plaintiff's Complaint asserts specific grievances against "Hinds County Jail" [Docket no. 1, ¶ III]; however, the style of this case lists "Hinds County Sheriff" as a defendant. [See Docket Entries 4-30]. Although Plaintiff's Complaint contains no facts pertaining to any wrongdoing by the Hinds County Sheriff as an individual, Mississippi sheriffs may be amenable to suit in their official capacity under limited circumstances, as further explained below.

The Eleventh Amendment to the United States Constitution[2] prohibits suits against non-consenting states by their own citizens, by citizens of another state, by citizens of foreign states, or by a foreign nation. *Principality of Monaco v. Mississippi,* 292 U.S. 313, 329–331, 54 S.Ct. 745, 750–751, 78 L.Ed. 1282 (1934); *Hughes v. Savell,* 902 F.2d 376, 377 (5th Cir.1990). The Eleventh Amendment also bars a suit against an individual state official if "the state is the real party in interest." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974)(citations omitted).  The United States Supreme Court has held that official suits cannot be maintained against state officers acting in their official capacity on behalf of the state. *See Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (state officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them)(internal citations omitted).

The Eleventh Amendment, however, does not bar a suit in federal court when the suit is brought to enjoin a state officer's enforcement of an allegedly unconstitutional state law. *See American Bank & Trust Co. of Opelousas v. Dent,* 982 F.2d 917, 920–21 (5th Cir.1993).  The

---

[2] AMENDMENT XI—SUITS AGAINST STATES
The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3

Court reasoned that enforcement of an unconstitutional law is not an official act because a state can not confer authority on its officers to violate the Constitution or federal law. *Id.*  In order to sue properly the Hinds County Sheriff  or his employees for violation of federal law, the suit must be brought against: (a) individual persons; (b) in their official capacities as agents of the state, and; (3) the relief sought must be declaratory or injunctive in nature and prospective in effect. *Saltz v. Tennessee Dep't of Employment Sec.,* 976 F.2d 966, 968 (5th Cir.1992).  Plaintiff's Complaint fails to meet any of these requirements.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Complaint against Defendant Hinds County Sheriff is hereby dismissed without prejudice, with each party to bear that party's own fees, costs, and expenses.

SO ORDERED, this the 17th day of July, 2020.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE